1

2

3

4

5

6

7

8           UNITED STATES DISTRICT COURT
          WESTERN DISTRICT OF WASHINGTON
9                    AT TACOMA

10   DANIEL P. JOSLYN,

11                    Plaintiff,              CASE NO. 14-cv-05277 JRC

12        v.                                  ORDER ON PLAINTIFF'S
                                              COMPLAINT
13   CAROLYN W. COLVIN, Acting
     Commissioner of the Social Security
14   Administration,

15                    Defendant.

16

17        This Court has jurisdiction pursuant to 28 U.S.C. § 636(c), Fed. R. Civ. P. 73 and

18   Local Magistrate Judge Rule MJR 13 (*see also* Notice of Initial Assignment to a U.S.

19   Magistrate Judge and Consent Form, Dkt. 5; Consent to Proceed Before a United States

20   Magistrate Judge, Dkt. 6). This matter has been fully briefed (*see* Dkt. 16, 17, 18).

21        After considering and reviewing the record, the Court concludes that the ALJ did

22   not err in relying on early opinions from plaintiff's treating physician as plaintiff has not

23   demonstrated that his conditions worsened over time and the ALJ appropriately

24

concluded that the treating physician was in the best position to provide an opinion regarding plaintiff's limitations. Similarly, plaintiff's argument that reliance on the opinions from a state agency physician was improper because the non-examining state agency physician did not review later records is not persuasive as plaintiff has not demonstrated that there was any significant worsening of his limitations from his impairments over time. The Court also concludes that the ALJ did not commit harmful error in his evaluation of plaintiff's mental impairments as the ALJ appropriately found that plaintiff had not demonstrated that any mental impairment that lasted for a duration of twelve months. Regarding the ALJ's assessment of plaintiff's credibility, it was supported by inconsistent statements made by plaintiff, as well as by the ALJ's thorough discussion of the medical evidence and the ALJ's finding that the objective medical evidence did not support plaintiff's allegations of disabling limitations.

Therefore, this matter is affirmed pursuant to sentence four of 42 U.S.C. § 405(g).

<u>BACKGROUND</u>

Plaintiff, DANIEL P. JOSLYN, was born in 1965 and was 46 years old on the amended alleged date of disability onset of September 27, 2011 (*see* AR. 44, 165-66, 167-72). Plaintiff has an eleventh grade education (AR. 45).   Plaintiff has work experience as a construction worker (AR. 62) and briefly as a crew member on a fishing troller (AR. 197-98).

According to the ALJ, plaintiff has at least the severe impairments of "Degenerative disc disease; [and] bilateral carpal tunnel syndrome status post bilateral carpal tunnel release (20 C.F.R. §§ 404.1520(c) and 416.920(c))" (AR. 24).

At the time of the hearing, plaintiff was living in a mobile home with his dad and girlfriend (AR. 46-47).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits[1] pursuant to 42 U.S.C. § 423 (Title II) and Supplemental Security Income ("SSI") benefits pursuant to 42 U.S.C. § 1382(a) (Title XVI) of the Social Security Act were denied initially and following reconsideration (*see* AR. 70-77, 78-85, 88-94, 95-103). Plaintiff's requested hearing was held before Administrative Law Judge Scott R. Morris ("the ALJ") on March 11, 2013 (*see* AR. 39-67). On March 29, 2013, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act (*see* AR. 18-38).

In plaintiff's Opening Brief, plaintiff raises the following issues:  (1) Whether or not the ALJ properly evaluated the medical evidence; (2) Whether or not the ALJ properly evaluated plaintiff's testimony; (3) Whether or not the ALJ properly assessed plaintiff's residual functional capacity; and (4) Whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations (*see* Dkt. 16, p. 1).

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not

---

[1] Plaintiff effectively withdrew his DIB application when he amended his alleged disability onset date at his administrative hearing (*see* Opening Brief, Dkt. 16, p. 2, n.2).

1  supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d

2  1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir.

3  1999)).

4                                    <u>DISCUSSION</u>

5      (1)      **Whether or not the ALJ properly evaluated the medical evidence**.

6      a. Non-examining state agency physician, Dr. Norman Staley, M.D.

7      Plaintiff first presents arguments regarding the ALJ's reliance in part on the

8  opinion of non-examining state agency physician Dr. Norman Staley, M.D., whose

9  opinion was given significant weight by the ALJ (AR. 29).

10      According to Social Security Ruling 96-6p, state agency medical consultants,

11  while not examining doctors, "are highly qualified physicians and psychologists who are

12  experts in the evaluation of the medical issues in disability claims under the Act." Social

13  Security Ruling ("SSR") 96-6p, 1996 LEXIS 3 at *4. Therefore, regarding state agency

14  medical consultants, the ALJ is "required to consider as opinion evidence" their findings,

15  and also is "required to explain in his decision the weight given to such opinions."

16  *Sawyer v. Astrue*, 303 Fed. Appx. 453, *455, 2008 U.S. App. LEXIS 27247 at **2-**3

17  (9th Cir. 2008) (*citing* 20 C.F.R. § 416.927(f)(2)(i)-(ii); SSR 96-6p, 1996 SSR LEXIS 3,

18  *5) (memorandum opinion) (unpublished opinion). The ALJ did that here.

19      Plaintiff contends that the ALJ erred by failing to acknowledge that non-

20  examining state agency physician Dr. Staley did not review any evidence beyond

21  February 2012 (*see* Opening Brief, Dkt. No. 16, p. 9). However, although plaintiff argues

22  in a conclusory manner that plaintiff's "carpal tunnel syndrome and back pain worsened

over time," plaintiff does not cite any specific evidence that demonstrates this (*see id.*). Although this argument is preceded by a general six page recitation of the medical record, plaintiff makes no attempt to connect any particular aspect of the record to his argument, and furthermore, the majority of the recitation of the medical evidence covers a period preceding February, 2012 (*see id.*, pp. 3-9). This is insufficient. It is not the job of the Court to pour through a general recitation of facts from plaintiff in an attempt to interpret what aspects of the record plaintiff considers supportive of his argument. *See Maldonado v. Moralex*, 556 F.3d 1037, 1048 n.4 (9th Cir. 2009) ("Arguments made in passing and inadequately briefed are waived") (*citing Halicki Films, L.L.C. v. Sanderson Sales & Mktg.*, 547 F.3d 1213, 1229-30 (9th Cir. 2008)); *see also Alder v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 669 (10th Cir. 1998) ("Arguments inadequately briefed in the opening brief are waived  . . . .) (*citing* Fed. R. App. P. 28) (other citations omitted). Furthermore, a review of the medical evidence noted by plaintiff regarding the time period after February, 2012 does not demonstrate that plaintiff's impairments worsened over time and do not demonstrate that any of the ALJ's findings are not based on substantial evidence in the record as a whole, as discussed further below, *see infra*, section 1.b. Based on a review of the record, the Court finds persuasive defendant's argument that plaintiff  "simply offers a different interpretation of the evidence considered by the ALJ" (Dkt. 17, p. 12). As noted by defendant, according to the Ninth Circuit, a court should uphold an ALJ's decision when the evidence is susceptible to more than one rational interpretation (*see id.* (*citing Tommasetti v. Astrue,* 533 F.3d 1035, 1040 (9th Cir. 2008)). It is not the job of the court to reweigh the evidence: If the

1  evidence "is susceptible to more than one rational interpretation," including one that

2  supports the decision of the Commissioner, the Commissioner's conclusion "must be

3  upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002) (*citing Morgan v.*

4  *Comm'r Soc. Sec.,* 169 F.3d 595, 601 (9th Cir. 1999)).

5       Based on the record as a whole, and for the reasons stated, the Court concludes

6  that plaintiff has not demonstrated that the ALJ erred by not explicitly discussing the fact

7  that Dr. Staley did not review any records beyond February, 2012. Even if there was such

8  an error, it was harmless and did not affect the ultimate disability determination.

9       Plaintiff also contends that the ALJ erred by giving significant weight to the

10  opinion of Dr. Staley because Dr. Staley opined that plaintiff did not suffer from

11  manipulative limitations (*see* Opening Brief, Dkt. No. 16, p. 9). However, even if the

12  ALJ did err with respect to this aspect of Dr. Staley's opinion, which the Court does not

13  so conclude, any error is harmless, as the ALJ clearly and explicitly explained why he

14  disregarded this aspect of Dr. Staley's opinion and continued his reasoning regarding his

15  own determination regarding plaintiff's residual functional capacity ("RFC") as follows:

16  

17       Although the claimant has some limitations due to his carpal tunnel
         syndrome, he still maintains the ability to perform most household
18       chores. He can pull weeds. He can open jars. He can open cans. He
         reported he still maintains an active lifestyle preparing meals, taking care
19       of his personal needs, feeding animals and going grocery shopping. The
         claimant's self-described activities are consistent with the restrictions in
20       the [RFC] outlined above. Dr. Staley's opinion is also consistent with
         Dr. Lang's opinion regarding the claimant's abilities.
21  

22  (AR. 29).

23  

24  

ORDER ON PLAINTIFF'S COMPLAINT - 6

1    Therefore, the Court concludes that the ALJ adequately explained why he rejected

2    this aspect of Dr. Staley's opinion regarding a lack of manipulative limitations, and also

3    supported his RFC finding regarding plaintiff's manipulative limitations with substantial

4    evidence in the record (*see id.*). Therefore, any error is harmless error.

5         The Ninth Circuit has "recognized that harmless error principles apply in the

6    Social Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012)

7    (*citing Stout v. Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th

8    Cir. 2006) (collecting cases)). The Ninth Circuit noted that "in each case we look at the

9    record as a whole to determine [if] the error alters the outcome of the case." *Id.* The court

10   also noted that the Ninth Circuit has "adhered to the general principle that an ALJ's error

11   is harmless where it is 'inconsequential to the ultimate nondisability determination.'" *Id.*

12   (*quoting Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008))

13   (other citations omitted). The court noted the necessity to follow the rule that courts must

14   review cases "'without regard to errors' that do not affect the parties' 'substantial

15   rights.'" *Id.* at 1118 (*quoting Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (*quoting* 28

16   U.S.C. § 2111) (codification of the harmless error rule)).

17        Here, although Dr. Staley's opinion regarding plaintiff's lack of manipulative

18   limitations may not have been supported by substantial evidence in the record, it is clear

19   that the ALJ did not credit this opinion from Dr. Staley, as the ALJ found that plaintiff

20   did have manipulative limitations (*see* AR. 25). The ALJ found that plaintiff only could

21   "occasionally finger and feel when using his left upper extremity and frequently finger

22   and feel when using his right upper extremity" (*see id.*). Therefore, any error in Dr.

1   Staley's opinion regarding manipulative limitations did not affect the ALJ's RFC, as the

2   ALJ determined that plaintiff did suffer from manipulative limitations, and noted Dr.

3   Staley's error in that respect. The ALJ also explained how the other aspects of Dr.

4   Staley's opinion were consistent with the opinion of treating physician, Dr. Lang, and

5   how they were supported by the medical record and by claimant's statements. The Court

6   concludes that there is no error, but even if there was any error in relying in part on Dr.

7   Staley's opinion, any error is harmless and did not affect the ultimate disability

8   determination. *See Molina*, *supra,* 674 F.3d at 1115.

9        b. Treating physician, Dr. Robert G.R. Lang, M.D.

10       Plaintiff also argues that the ALJ erred by giving significant weight to an opinion

11  from Dr. Lang that pre-dated plaintiff's alleged disability onset date; however, the

12  doctor's opinion still is relevant as plaintiff has not demonstrated how the record

13  indicates significant worsening of plaintiff's condition after this point in time.

14       For example, regarding plaintiff's back impairment, approximately a month after

15  plaintiff's amended alleged date of disability onset of September 27, 2011, plaintiff

16  received a second MRI which indicated, as noted by plaintiff:

17
18           (1) at L2-L3, a small caudal left foraminal protrusion without neural
             compress, *unchanged*; (2) at L3-L4, a small left foraminal protrusion
19           with underlying high intensity zone, causing mild effacement at the
             exiting left L3 nerve root, *unchanged*; (3) at L4-L5, left foraminal
20           herniation and associated osseous ridging with moderate left foraminal
             stenosis, *unchanged*; and (4) at L5-S1, mild bilateral facet arthropathy
21           and mild annular bulging, *unchanged*; and mild bilateral foraminal
             stenosis, *unchanged*.
22
23  (Dkt. 16, p. 6 (*citing* AR. 371) (emphases added)).

24

Similarly, as cited by plaintiff, a January, 2012 lumbar spine MRI indicated that "accounting for differences in technique, overall these changes are very similar to the MRI of October, 2011, and no significant progression of disease is evident" (Dkt. 16, p. 7 (*citing* AR. 375)). Therefore, plaintiff has not demonstrated that his back impairment worsened over time, negating the earlier opinion of Dr. Lang.

Regarding plaintiff's carpal tunnel syndrome, as noted by plaintiff, in July, 2012, Dr. Kirk D. Danielson, M.D. indicated that an electrodiagnostic study on plaintiff "showed evidence of moderate bilateral median neuropathy at the wrists (carpal tunnel syndrome) affecting both sensory and motor components, and he noted that the right side was *mildly improved* compared to the prior March 2011 study, while the left was *relatively similar*" (*id.,* pp. 7-8 (*citing* AR. 423-24) (emphases added)). Also as noted by plaintiff, in March, 2013, among other notations, Dr. Lang noted that plaintiff "had *improved sensation* in the extremities  . . . ." (*id.*, p. 9 (*citing* AR. 523, 525)) (emphasis added)).

For the reasons stated and based on the record as a whole, the Court concludes that plaintiff has not demonstrated error in the ALJ's reliance on a September 9, 2011 opinion from Dr. Lang that plaintiff could perform light work with his argument that "medical evidence after [September 9, 2011] shows that [plaintiff's] carpal tunnel syndrome and back pain both worsened subsequent to that date" (*see id.*, p. 10 (*citing* AR. 29-30, 292, 319)).

Plaintiff also argues that the ALJ erred by relying on Dr. Lang's January 2012 opinion that "[if] the patient was able to obtain his license again it is likely that he would

be able to return to productivity" because the opinion "does not prove that [plaintiff]

could perform *competitive work on a full-time basis*" (*see id.*, p. 10 (*citing* AR. 29-30,

292, 319)). Although it is true that this opinion from Dr. Lang does not prove that

plaintiff was capable of competitive work, this fact does not prevent the ALJ from relying

in part on this opinion from the treating physician. Plaintiff also contends that the ALJ

erred by relying on this latter opinion from Dr. Lang because "more recent medical

evidence, including much evidence from Dr. Lang [] shows that [plaintiff's] carpal tunnel

syndrome and back pain both continued to worsen over time" (*id.*). As discussed above,

the medical evidence cited by plaintiff does not demonstrate that plaintiff's conditions

worsened over time.

     Although plaintiff also directs the Court to a particular portion of the record in

support of this argument, in that "Dr. Lang's most recent opinion [indicated] that

[plaintiff] had moderate to severe carpal tunnel syndrome of the right hand, which

required a second carpal tunnel surgery," (*id.* at p. 11 (*citing* AR. 529)), as cited by

plaintiff earlier in his brief, on "March 10, 2011, [Dr.] Mohammad A. Saeed, M.D.,

found that an electrodiagnostic evaluation of [plaintiff] supported findings compatible

with bilateral carpal tunnel syndrome, right more than the left, appearing moderately

severe to severe on the right and moderately severe on the left" (*id.* at p. 4 (*citing* AR.

298). Again, plaintiff has not demonstrated that his impairments significantly worsened

over time, negating the earlier opinions from Dr. Lang relied on by the ALJ.

     Based on the reasons stated and on the record as a whole, the Court concludes that

plaintiff has not demonstrated that the ALJ erred in relying on the specified opinions of

1   Dr. Lang, plaintiff's treating physician. Instead, the Court concludes that the ALJ's

2   determination to give Dr. Lang's opinion significant weight, "because he is the claimant's

3   treating provider and is best suited to opine on how the claimant's impairments impact

4   his ability to perform work activities," and the ALJ's finding that Dr. Lang's "opinion is

5   also consistent with the other objective findings in the claimant's file and the claimant's

6   own statements regarding his abilities" are supported by substantial evidence in the

7   record as a whole (*see* AR. 30). The Court finds no harmful legal error.

8           c. Dr. Kimberly Wheeler, Ph.D., examining psychological doctor

9           Although plaintiff implies that the ALJ failed to evaluate the opinion of Dr.

10  Wheeler properly and argues that "an ALJ is required to evaluate 'every medical

11  opinion,'" the ALJ did evaluate the opinion of Dr. Wheeler (*see* Dkt. 16, p. 11 (citation

12  and footnote omitted)).

13          The ALJ included the following discussion in his written opinion:

14
15          Dr. Kimberly Wheeler, Ph.D. performed a psychological evaluation of
            the claimant in September 2012 and diagnosed him with an adjustment
16          disorder because of his emotional difficulties dealing with his inability to
            perform physical activities (internal citation to Exhibit 29F/2). Dr.
17          Wheeler even noted that addressing the claimant's condition as a
            disorder "is somewhat of a stretch, but is the best way to capture his
18          diminished self–esteem in the absence of employment and full physical
            integrity" (internal citation to 29F/2). She identified no restrictions in the
19          claimant's ability to perform work-related activities due to his
            adjustment disorder (internal citation to 29F/2). She also noted the
20          claimant would not be impaired for any length of time due to his
            impairment (internal citation to 29F/4). Furthermore, the claimant's
21          alleged mental impairment is not expected to last for more than 12
            months. Medical records from January 2013 indicate the claimant had no
22          mental deficits. He was oriented on all spheres (internal citation to
            34F/23). He had normal insight and judgment (internal citation to
23          34F/23). He had inappropriate mood and affect (internal citation to

24

ORDER ON PLAINTIFF'S COMPLAINT - 11

1

2

3

4

> 34F/23). Because the claimant was only diagnosed with an adjustment disorder in September 2012 and he showed no impairment in his mental functioning and later medical records, his alleged mental impairment is unlikely to meet the durational requirement necessary to be considered a severe impairment. There is also no indication that his alleged adjustment order would more than minimally limits his ability to perform any work-related activities.

5

(AR. 24).

6

7        Although plaintiff complains that the ALJ erred when reviewing the opinion of Dr.

8   Wheeler, based on a review of the relevant record, the Court concludes that the ALJ's

9   findings with respect to the opinion of Dr. Wheeler are supported by substantial evidence

10  in the record. As noted by the ALJ, Dr. Wheeler opined that plaintiff's "emotional

11  sequelae" had to do with diminished self worth, but "[d]ressing it up to the level of

12  disorder is somewhat of a stretch" (*see* AR. 432). Although Dr. Wheeler opined that

13  plaintiff suffered from some moderate limitations (*see* AR. 433), she also opined that his

14  thought process and content were within normal limits; his orientation was within normal

15  limits; his perception was within normal limits; his fund of knowledge was within normal

16  limits; his concentration was within normal limits; his abstract thought ability was within

17  normal limits; his insight and judgment were within normal limits; and he remembered

18  three out of three objects immediately and two out of three with a delay and with the third

19  object even being recognized among the presence of distractors (*see* AR. 434-35).

20  Therefore, the Court concludes that the ALJ's finding that Dr. Wheeler "identified no

21  restrictions in the claimant's ability to perform work-related activities due to his

22  adjustment disorder" is based on substantial evidence in the record as a whole. In

23  addition, importantly as noted by the ALJ, Dr. Wheeler opined that the expected duration

24

of time that plaintiff would suffer from any opined limitations would be "0 months" (*see* AR. 484). Therefore, the Court concludes that the ALJ's finding that Dr. Wheeler "also noted the claimant would not be impaired for any length of time due to his impairment" is a finding based on substantial evidence in the record. This opinion from Dr. Wheeler also supports the finding by the ALJ that plaintiff's impairment would not last the minimum duration of twelve months.

For the reason stated and based on the record as a whole, the Court concludes that the ALJ did not err by failing to include any limitations from a mental impairment into plaintiff's RFC. The Court concludes that the ALJ did not err in his evaluation of the opinion of Dr. Wheeler.

As noted by the ALJ, in January, 2013 -- about four months after the assessment from Dr. Wheeler -- plaintiff had intact memory, was oriented to time place person and situation, had normal insight, exhibited normal judgment, and demonstrated an appropriate mood and affect (*see* AR. 485). This information, too, supports the finding by the ALJ that any mental impairment of plaintiff was not severe and also did not last the minimum duration of 12 months. Although plaintiff argues that the ALJ erred by failing to conclude that plaintiff suffered from a severe mental impairment, for the reason stated and based on the record, the Court concludes that this finding by the ALJ is supported by substantial evidence in the record. The Court notes that plaintiff bears the burden to establish by a preponderance of the evidence the existence of a severe impairment that prevented performance of substantial gainful activity and that this impairment lasted for at least twelve continuous months.  20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c),

416.905(a), 416.912(a) and (c); *Yuckert, supra*, 482 U.S. at 146; *see also Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1998) (*citing Roberts v. Shalala*, 66 F.3d 179, 182 (9th Cir. 1995)). Any impairment that does not last continuously for twelve months does not satisfy the requirement. 20 C.F.R. §§ 404.1505(a), 404.1512(a) and (c), 416.905(a), 416.912(a) and (c); *Roberts*, *supra*, 66 F.3d at 182.

Therefore, even if the ALJ did err by failing to fully credit an opinion about limitations from Dr. Wheeler, any error would be harmless, as plaintiff did not demonstrate that any mental impairment existed for a minimum of twelve months and Dr. Wheeler herself opined that plaintiff's limitations would not last for any period of time.

(2)    **Whether or not the ALJ properly evaluated plaintiff's testimony**.

Plaintiff contends that the ALJ erred by failing to credit fully plaintiff's allegations and testimony. However, for the reasons stated below and based on the record as a whole, the Court concludes that the ALJ's credibility determination is proper.

If the medical evidence in the record is not conclusive, sole responsibility for resolving conflicting testimony and questions of credibility lies with the ALJ.  *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir. 1999) (*citing Waters v. Gardner*, 452 F.2d 855, 858 n.7 (9th Cir. 1971) (*Calhoun v. Bailar*, 626 F.2d 145, 150 (9th Cir. 1980)). An ALJ is not "required to believe every allegation of disabling pain" or other non-exertional impairment.  *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989) (*citing* 42 U.S.C. § 423(d)(5)(A) (other citations and footnote omitted)).

If an ALJ rejects the testimony of a claimant once an underlying impairment has been established, the ALJ must support the rejection "by offering specific, clear and

convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996) (*citing Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir.1993)); *see also Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998) (*citing Bunnell v. Sullivan*, 947 F.2d 341, 343, 346-47 (9th Cir. 1991) (*en banc*)).  The Court notes that this "clear and convincing" standard recently was reaffirmed by the Ninth Circuit. *See Garrison v. Colvin*, 759 F.3d 995, 1015 n.18 (9th Cir. July 14, 2014) ("The government's suggestion that we should apply a lesser standard than 'clear and convincing' lacks any support in precedent and must be rejected"). As with all of the findings by the ALJ, the specific, clear and convincing reasons also must be supported by substantial evidence in the record as a whole. 42 U.S.C. § 405(g); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

Plaintiff indicated in November, 2011 that as part of his daily activities, he brings firewood in to the house (*see* AR. 190), but at his hearing, he testified that he does not lift even a hunk of wood to add it to the fire (*see* AR. 53). The Court concludes that the ALJ properly relied on this inconsistent testimony when failing to credit fully plaintiff's allegations and testimony about his disabling limitations (*see* AR. 29). *See Turner v. Comm'r of Soc. Sec.*, 613 F.3d 1217, 1225 (9th Cir. 2010) (Ninth Circuit affirmed, noting that because of a "discrepancy in [the claimant's] testimony, the ALJ found that [the claimant] could not be 'found to be wholly credible regarding any allegation of total disability'").

The ALJ also relied on a finding that plaintiff's allegations of disabling limitations were not supported by the objective medical evidence (*see* AR. 26).

1       Although once a claimant produces medical evidence of an underlying

2 impairment, the ALJ may not discredit then a claimant's testimony as to the severity of

3 symptoms based solely on a lack of objective medical evidence to corroborate fully the

4 alleged severity of pain, here, the ALJ offered other reasons, such as the inconsistent

5 statements about plaintiff's ability to lift and carry firewood into the house, *see supra* ,

6 his statements in the record about his abilities and his activities of daily living (*see* AR.

7 28-29). *See Bunnell*, *supra,* 947 F.2d at 343, 346-47 (*citing Cotton, supra*, 799 F.2d at

8 1407).

9       As noted by the ALJ, Dr. Mohammad A. Saeed, M.D. performed a physical exam

10 of plaintiff and also "performed and electrodiagnostic evaluation of the claimant in

11 October 2011  .  .  .  .  [and] concluded the claimant had only a mild abnormal study" (*see*

12 AR. 27 (*citing* AR. 302)). The ALJ's finding is supported by substantial evidence, as Dr.

13 Saeed performed an exam and an electrodiagnostic study on October 27, 2011, and

14 concluded, among other things, that "[this] is a mildly abnormal study" (*see* AR. 302).

15 This set of findings by the ALJ also supports the ALJ's finding that plaintiff's allegations

16 of disabling limitations were not supported by the objective medical evidence.

17       Similarly, the ALJ noted a physical therapy visit in February, 2012 at which

18 plaintiff reported that his pain was relieved by steroidal injections (AR. 27 (*citing* AR.

19 313)). The ALJ also included the following regarding the evaluation with physical

20 therapist Mr. Brian Reiton, PAC:

21           A physical examination showed he had full strength in his lower
          extremities. His straight leg raise tests were normal on the right side and
          the left. The claimant requested to initiate chronic pain management for

1    his alleged back pain. Mr. Reiton suggested the claimant stretch and
2    perform strengthening exercises to eliminate his back pain.

3    (*Id.* (*citing* AR. 315)).

4     The ALJ's discussion regarding this February, 2012 evaluation is supported by

5    substantial evidence in the record. Plaintiff's lower extremity strength was normal, and

6    the straight leg raise tests were normal on the right and left side (*see* AR. 315). This

7    treatment note also supports the finding by the ALJ that plaintiff was prescribed only

8    ibuprofen for his pain (*see id.*). Based on the record as a whole, the Court concludes that

9    this set of findings by the ALJ also supports the ALJ's finding that plaintiff's allegations

10   of disabling limitations were not supported by the objective medical evidence.

11    The ALJ also noted examination results from Dr. Lang in March, 2012, such as

12   plaintiff's strong grips in both hands; that his opposition, finger extension and abduction

13   were strong bilaterally; that plaintiff "walked with a normal gait and was able to heel and

14   toe walk [and] [his] straight leg raises were negative on the right and positive on the left;

15   [h]owever he had good strength in both of his legs" (*see* AR. 28 (*citing* AR. 443)). Again,

16   the ALJ's findings are supported by substantial evidence in the record and support his

17   finding that plaintiff's allegations of disabling limitations are not supported by the

18   objective medical evidence.

19

20    The ALJ also noted various indications from plaintiff such as plaintiff's report that

21   "he can touch all his thumbs to his fingers; [he] can open a jar of peanut butter; [he] can

22   open a can of beer; [he] prepares meals for himself; [he] feeds his chickens and horses;

23   [he] regularly performs household chores and washes the dishes; [he] pulls weeds out of

24

ORDER ON PLAINTIFF'S COMPLAINT - 17

his garden; [and] [although] the claimant frequently complained of hand numbness, he had good grip strength and range of motion in his upper extremities" (AR. 28-29 (internal citations omitted)). The ALJ also noted as follows:

> [Plaintiff] also has no difficulties performing his activities of daily living due to his back pain. He manages his own personal care. He cleans, he does laundry, he makes minor house repairs and gardens. In his Function Report, he indicated he is capable of lifting 15 to 20 pounds. The limitations in the residual functional capacity are also supported by the objective findings in his file. He routinely had full strength in his lower extremities. He demonstrated good range of motion and had mostly negative straight leg raises. He consistently walked with a normal gait. Furthermore, even his treating physician indicated he could return to work if he had a valid license.

(AR. 29 (internal citations omitted)).

For the reasons stated, the Court concludes that the ALJ's finding regarding lack of support from the objective medical evidence was supported by substantial evidence in the record as a whole and that the ALJ did not err when evaluating credibility of plaintiff. The ALJ offered specific, clear and convincing reasons, supported by substantial evidence in the record, for the ALJ's credibility determination.

> (3) **Whether or not the ALJ properly assessed plaintiff's residual functional capacity and whether or not the ALJ erred by basing his step five finding on a residual functional capacity assessment that did not include all of plaintiff's limitations**.

These arguments by plaintiff depend on the other arguments that already have been discussed by the Court and found not persuasive, *see supra*, sections 1 and 2. The Court finds no error.

//

1

CONCLUSION

2

Based on the stated reasons and the relevant record, the Court **ORDERS** that this

3

matter be **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g).

4

**JUDGMENT** should be for defendant and the case should be closed.

5

Dated this 29th day of December, 2014.

6

7

8

J. Richard Creatura
United States Magistrate Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24